KENNEDY, SCHWARTZ & CURE, P.C.
113 University Place, 7th Floor
New York, New York 10003
(212) 358-1500
Ira Cure (IC 7121)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
WILLIAM TOWNE, as Trustee of the
AMALGAMATED WASHABLE CLOTHING,          05 Civ.
SPORTSWEAR & ALLIED INDUSTRIES
FUND,

                Plaintiff,           COMPLAINT

   -against-

BACKERS CLOTHES, INC.,

                Defendant.
-----------------------------------------------------------x

    Plaintiff William Towne, as Trustee of the Amalgamated Washable Clothing, Sportswear & Allied Industries Fund ("the Fund"), by and through his attorneys, Kennedy, Schwartz & Cure, P.C., as and for his complaint against defendant Backers Clothes, Inc. (the "Employer"), alleges as follows:

### Parties

    1.    The Fund is an "employee welfare benefit plan," "employee pension benefit plan," and "multi-employer plan" under Section 3(1), (2), and (37) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1002(1), (2), and (37), and is an employee benefit trust fund under Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 186(c)(5). Plaintiff is a "fiduciary" of the Fund under Section 3(21)

of ERISA, 29 U.S.C. § 1002(21). The Fund is administered at 33 West 14th Street, New York, New York 10011, within this district.

2.  The Employer is an "employer" under Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Sections 2(2) and 301(a) of the LMRA, 29 U.S.C. §§ 152(2) and 185(a). The Employer's address is 236 Boston Post Road, Orange, Connecticut 06477.

## Jurisdiction and Venue

3.  Jurisdiction and venue are proper pursuant to Sections 502(d)(1), 502(e)(1) and (2) and 515 of ERISA and Section 301(a)and (c) of the LMRA, 29 U.S.C. §§ 1132(d)(1), 1132(e)(1) and (2), 1145 and 185(a) and (c).

## AS AND FOR A FIRST CAUSE OF ACTION

4.  At all relevant times, the Employer was a party to a collective bargaining agreement (hereinafter "Agreement") with the Union. Under the terms of said Agreement, the Employer was and is obligated to make contributions to the Plan each month for each employee covered by the Agreement. The Agreement sets forth the rate of contribution the Employer is obligated to make in each year of the Agreement.

5.  The Employer failed to make payments due the Plan on behalf of covered employees for the months of August 2004 through the present, despite its obligation to do so, and continues to be delinquent in its current obligation to contribute to the Plan.

6.  As of January 20, 2005, the Employer is delinquent in its contributions to the plan in the approximate amount of $5,000.

7. The Employer has paid no part of the above delinquent contributions. It is anticipated that the delinquency will grow during the pendency of this lawsuit as the defendant fails to remit contributions as they become due.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests the following:

1. Judgment in favor of plaintiff, and against Defendant Backers Clothes, Inc., in the amount $5,000 due the Plan for delinquent payments; and

2. further interest on the unpaid contributions at the rate as determined pursuant to 29 U.S.C. § 1132(g)(2)(B); and

3. the greater of the interest as set forth above and liquidated damages in the amount of 20% of the unpaid contributions pursuant to 29 U.S.C. §1132(g)(2)(C)(i) and (ii); and

4. attorney's fees and costs pursuant to 29 U.S.C.§ 1132(g)(2)(D); and

5. such other and further relief as the Court may deem just and proper.

Dated: New York, New York
January 24, 2005

KENNEDY, SCHWARTZ & CURE, P.C.

By:_____
Ira Cure (IC 7121)
Attorneys for Plaintiff
113 University Place, 7th Floor
New York, New York 10003
(212) 358-1500